■ LEONARD CLARK et al., on Behalf of Themselves and All Others Similarly Situated, Respondents, v MARINE MIDLAND BANK, INC., et al., Appellants. — Order, Supreme Court, New York County, entered on May 20, 1980, which, *inter alia,* granted plaintiffs-respondents' motion to have this action proceed as a class action, unanimously modified, on the law and on the facts, without costs or disbursements, to the extent of denying authorization to prosecute the second cause of action in the amended complaint as a class action, and otherwise affirmed. The plaintiffs, Murray and Florence Lubitz, are customers of defendant-appellant Chase Manhattan Bank, N.A., Inc., and the plaintiff, Leonard Clark, is a customer of defendant-appellant Marine Midland Bank, Inc. In this class action, the plaintiffs assert that the defendant banks improperly imposed a service charge of $4 to $5 each time a customer's check was not honored by the bank because of insufficient or uncollected funds. The first cause of action in the amended complaint alleges that these charges for each dishonored check are grossly disproportionate to the actual costs incurred by the bank and thus constitute a penalty violation of section 1-106 of the Uniform Commercial Code, article 4 of the Uniform Commercial Code and other laws and regulations. The second cause alleges that when the plaintiffs and other members of the class entered into the checking account agreements, these agreements were silent as to the imposition of a service charge or "penalty" where there were allegedly insufficient or uncollected funds in the account. The banks, it is alleged, breached this agreement by imposing these charges. Prior to authorizing a class action, the proposed representatives must satisfy the five statutory prerequisites set forth in CPLR 901. The plaintiffs have fairly met these criteria to maintain their first cause of action in a representative capacity. However, we have concluded that as to the second cause of action, the one alleging breach of contract, the claims of these plaintiffs are not typical of the class (CPLR 901, subd a, par 3). We, therefore, modify the order of Special Term to deny class action status as to this cause of action. Plaintiff Clark never entered into form agreements with defendant Marine

Midland Bank. This plaintiff had individually tailored oral and written agreements with branch managers, unlike those agreements entered into with the general public. In addition, the imposition of a service charge on this plaintiff's account was not the result of insufficient funds. The charge was admittedly imposed as the result of a clerical error for which plaintiff received the assurance from a bank officer that this sole outstanding service charge would be credited to his account. As to the other proposed representatives, the record adequately demonstrates that these plaintiffs received actual notice of the service charges before imposition. The claims of all these plaintiffs are atypical of the class they seek to represent. If the second cause of action proceeded in this manner, the rights of other class members could be seriously prejudiced. Nor are we willing to accept the suggestion advanced by plaintiffs to permit this action to proceed as a class action on condition that a proper representative be found. Concur — Murphy, P.J., Birns, Ross, Markewich and Lynch, JJ.